CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 01 2010
JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| DONNIE WAYNE SENSABAUGH, ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> CHARLES I. POFF, et al., ) <br> Defendants. ) | Civil Action No. 7:10-cv-00482 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

Donnie Wayne Sensabaugh, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Pay-Tel Communications, Inc.; the Western Virginia Regional Jail ("Jail"); Jail Superintendent Charles I. Poff; and Jail officers Lisa Winston, Tim Lisk, M. Adkins, and Bobby Russell. Plaintiff alleges that the defendants violate his constitutional rights by making him pay for phone calls from the Jail. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915 and § 1915A. After reviewing plaintiff submissions, the court dismisses the complaint without prejudice as frivolous.

I.

Plaintiff alleges the following facts in his verified complaint. The Jail handbook informs the Jail's inmates that they must use the Jail's inmate phone system to make phone calls. This phone system is provided by Pay-Tel Communications, Inc. Inmates must purchase Pay-Tel phone cards from the commissary to make out-going phone calls. Inmates who do not have money to purchase a Pay-Tel phone card cannot make phone calls.

Plaintiff could not make phone calls to his attorney without purchasing a Pay-Tel phone card. Plaintiff eventually purchased a card, but the call would not be completed even though $1.50 was deducted from his phone card. Plaintiff wants to call his attorney, but the Jail or Pay-

Tel frustrate his access to the attorney, and tangentially, to the courts. Plaintiff requests $12 million from the Jail and another $12 million from Pay-Tel.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff's complaint must be dismissed as frivolous because he does not have a constitutional right to make free calls to his attorney from a Jail phone after his admission to the Jail.[1] Furthermore, plaintiff's attorney ensures plaintiff's access to the courts. See, e.g., Lewis v. Casey, 518 U.S. 343, 350-52 (1996). Moreover, a claim that Jail officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States

---

[1]Plaintiff acknowledges that both Jail policy and practice permit inmates courtesy calls upon their initial entry and processing by the Jail's intake department.

2

v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Also, the Jail and Pay-Tel Communications, Inc. are not proper defendants to this § 1983 suit, and plaintiff can try to recover money he believes he was wrongfully taken from him via state court remedies. Accordingly, plaintiff pursues via § 1983 an indisputably meritless legal theory and claims an infringement of a legal interest which clearly does not exist.

### III.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice as frivolous.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This ____ day of November, 2010.

_____
Senior United States District Judge